## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| _____ ) | |
| JOINT ADMINISTRATIVE COMMITTEE ) | |
| OF THE PLUMBING AND PIPEFITTING ) | |
| INDUSTRY IN THE DETROIT AREA, ) | |
| PLUMBERS LOCAL NO. 98 ) | |
| APPRENTICESHIP FUND AND ) | |
| PIPEFITTERS LOCAL NO. 636 ) | |
| INSURANCE FUND, ) | |
| ) | ELECTRONICALLY FILED |
| Plaintiffs, ) | |
| ) | Case No. 2:06-cv-14288 |
| v. ) | |
| ) | Judge Julian Abele Cook, Jr. |
| WASHINGTON GROUP ) | |
| INTERNATIONAL, INC. ) | |
| ) | |
| Defendant. ) | |
| _____) | |

| | |
|---|---|
| **CHARLES C. JACKSON** | **E. CARL UEHLEIN, JR.** |
| Counsel of Record | **JONATHAN C. FRITTS** |
| Attorney for Defendant | Attorneys for Defendant |
| MORGAN, LEWIS & BOCKIUS, LLP | MORGAN, LEWIS & BOCKIUS, LLP |
| 77 West Wacker Drive | 1111 Pennsylvania Avenue, NW |
| Chicago, Illinois 60601 | Washington, DC 20004 |
| (312) 324-1000 | (202) 739-3000 |
| (312) 324-1001 (facsimile) | (202) 739-3001 (facsimile) |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1, Defendant

Washington Group International, Inc. ("WGI"), by and through its undersigned counsel, hereby

moves for summary judgment on Plaintiffs' complaint in its entirety.

There is no genuine issue of material fact in this case and, for the reasons set forth in the

accompanying brief, WGI is entitled to judgment as a matter of law on all of Plaintiff's claims.

Pursuant to Local Rule 7.1(a), WGI states that on May 23, 2007, concurrence in this motion and the relief sought was requested from Plaintiffs' counsel and that such concurrence was not granted.

WHEREFORE, for the reasons set forth in the supporting brief, judgment should be entered as a matter of law for WGI on all claims asserted by Plaintiffs.  In addition, WGI should be awarded its costs and attorneys' fees incurred in defending this action, and any other relief this Court deems appropriate.  A proposed Order is filed herewith.

Dated:  May 31, 2007

Respectfully submitted,

s/Charles C. Jackson
Charles C. Jackson (Counsel of Record)
MORGAN, LEWIS & BOCKIUS, LLP
77 West Wacker Drive
Chicago, Illinois 60601
(312) 324-1000
(312) 324-1001 (facsimile)

E. Carl Uehlein, Jr.
Jonathan C. Fritts
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000
(202) 739-3001 (facsimile)

*Attorneys for Defendant Washington Group International, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| _____ )<br>JOINT ADMINISTRATIVE COMMITTEE )<br>OF THE PLUMBING AND PIPEFITTING )<br>INDUSTRY IN THE DETROIT AREA, )<br>PLUMBERS LOCAL NO. 98 )<br>APPRENTICESHIP FUND AND )<br>PIPEFITTERS LOCAL NO. 636 )<br>INSURANCE FUND, )<br> )<br>       Plaintiffs, )<br> )<br>v. )<br> )<br>WASHINGTON GROUP )<br>INTERNATIONAL, INC. )<br> )<br>       Defendant. )<br>_____ ) | ELECTRONICALLY FILED<br><br>Case No. 2:06-cv-14288<br><br>Judge Julian Abele Cook, Jr. |

| | |
|---|---|
| **CHARLES C. JACKSON**<br>Counsel of Record<br>Attorney for Defendant<br>MORGAN, LEWIS & BOCKIUS, LLP<br>77 West Wacker Drive<br>Chicago, Illinois 60601<br>(312) 324-1000<br>(312) 324-1001 (facsimile) | **E. CARL UEHLEIN, JR.**<br>**JONATHAN C. FRITTS**<br>Attorneys for Defendant<br>MORGAN, LEWIS & BOCKIUS, LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>(202) 739-3000<br>(202) 739-3001 (facsimile) |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In accordance with Local Rule 7.1, Defendant Washington Group International, Inc.

("WGI") submits this brief in support of its motion for summary judgment, filed herewith.

## <u>STATEMENT OF ISSUE PRESENTED</u>

Under the General Presidents' Project Maintenance Agreement, is WGI obligated to make "like kind" contributions to the Plumbers Local No. 98 Apprenticeship and the Pipefitters Local No. 636 Insurance Fund, in lieu of contributions to an industry promotional fund?

## <u>CONTROLLING AUTHORITIES</u>

*Bakery and Confectionary Union and Industry Int'l Health Benefits and Pension Funds v. New Bakery Company of Ohio*, 133 F.3d 955 (6th Cir. 1998)

*Brown-Graves Co. v. Central States, Southeast and Southwest Areas Pension Fund*, 206 F.3d 680 (6th Cir. 2000)

# INTRODUCTION

Plaintiffs Joint Administrative Committee of the Plumbing and Pipefitting Industry in the Detroit Area, Plumbers Local No. 98 Apprenticeship Fund, and Pipefitters Local No. 636 Insurance Fund (collectively, "Plaintiffs" or "Funds") complain that WGI has failed and refused to pay certain "like kind" contributions to the Funds as required by the collective bargaining agreements between the Metropolitan Detroit Plumbing & Mechanical Contractors Association, Inc. and the Journeymen Plumbers Local No. 98 ("Plumbers Local 98") and the Pipefitters, Refrigeration, and Air Conditioning Service Local No. 636 ("Pipefitters Local 636").  As set forth in their complaint, Plaintiffs claim that WGI is required to make two contributions to each Fund:  (1) a regular contribution for each hour worked by its employees and (2) if contributions are not made directly to an industry promotion fund, an additional "like kind" contribution to the Plaintiff Funds in the amount of the industry promotion fund contribution.  *See* Compl. ¶¶ 11, 12.

The problem with Plaintiffs' claim is that WGI is not party to the Plumbers Local 98 or the Pipefitters Local 636 collective bargaining agreements.  The collective bargaining agreement to which WGI is party, the General Presidents' Project Maintenance Agreement ("GPPMA"), only requires that WGI make the regular contributions to these Funds.  There is no dispute that WGI makes the regular contributions to the Funds, as required under the GPPMA.  The GPPMA does not, however, require that WGI make contributions to an industry promotion fund, nor does it require that WGI make additional "like kind" contributions to the Funds instead of contributions to the industry promotion fund.  Furthermore, the terms of the local collective bargaining agreements do not support Plaintiffs' claims that WGI is required to make these "like kind" contributions.  For these reasons, WGI has moved for summary judgment.

4

## STATEMENT OF MATERIAL FACTS

### I.   Washington Group International

WGI is a civil engineering and construction firm that specializes in infrastructure, mining, industrial/process, energy and environment, and power.  Anderson Decl. ¶ 2.[1]  WGI is performing recurring industrial maintenance work under contract with the owners of plants in Mount Clemens, Michigan and Troy, Michigan.  Anderson Decl. ¶ 3.  WGI performs work on these projects pursuant to a national collective bargaining agreement known as the GPPMA. Anderson Decl. ¶ 4.

### II.   The General Presidents' Project Maintenance Agreement

The GPPMA is a national collective bargaining agreement developed by a group of national maintenance and engineering contractors, including WGI, and fourteen International building trades unions, and executed by contractors for their contract maintenance projects on a project-by-project basis.  Anderson Decl. ¶ 4; Kaczorowski Decl. ¶ 1.  The GPPMA covers maintenance, repair, renovation and replacement work in plants, industrial facilities, utility installations, and other facilities.  Kaczorowski Decl., Ex. A at p. 6 (Article V, Section 1).  WGI has been signatory to the GPPMA for various projects for over 20 years.  Anderson Decl. ¶ 4.

The employees working under the GPPMA constitute a bargaining unit "separate and distinct from all others."  Kaczorowski Decl., Ex. A at p. 3 (Article I, Section 1).  Because the GPPMA is a national agreement, contractors are not required to become signatory to any local collective bargaining agreement.  *Id.*  Therefore, although Plumbers Local 98 and Pipefitters

---

[1]    References to "_____ Decl. ¶ ___" are to the declarations of Warren Anderson, David O. Ellenberger, Thomas H. Owens, and William Kaczorowski, attached as Exhibits 1, 2, 3, and 4.  "Plaintiffs' Answer Interrog. No. ____" refers to Plaintiffs' interrogatory answers, attached as Exhibit 5.

Local 636 are affiliated with the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("UA"), WGI does not have a collective bargaining relationship with either local union. *See* Anderson Decl. ¶ 7. The UA, at the International level, is the union that is signatory to the GPPMA. *See* Kaczorowski Decl., Ex. A at pp. 1 & 20.

Although contractors are not required to become signatory to any local collective bargaining agreement, the GPPMA does obligate contractors to make contributions to fringe benefit funds established under the applicable local and/or national working agreements. Kaczorowski Decl., Ex. A at p. 9 (Article XII, Section 2). However, contractors are not required to contribute to every fringe benefit fund established by the applicable local collective bargaining agreement. Contributions to industry promotion funds, in particular, are not required under the GPPMA. Ellenberger Decl. ¶ 3; Kaczorowski Decl. ¶ 3; Owens Decl. ¶ 3. Article XII, Section 2 of the GPPMA provides that:

> Only bona fide fringe benefits which accrue to the direct benefit of the individual craft employee are required. This includes health & welfare funds, annuity, vacation, apprenticeship, training funds, and pension funds. *Construction industry promotional funds are not applicable under the terms of this Agreement.*

Kaczorowski Decl., Ex. A at p. 9 (emphasis added).[2]

Administration of the GPPMA is the "responsibility and sole prerogative" of the General Presidents' Committee, which is a committee comprised of the General Presidents of the fourteen International unions that are signatory to the GPPMA. Kaczorowski Decl., Ex. A at p. 6

---

[2] The purpose of an industry promotional fund is to increase the prosperity of the industry as a whole. "Accordingly, the industry fund … concern[s] the relationship between the employer and the public, not between the employer and the employees." *NLRB v. Sheet Metal Workers Int'l Assoc.*, 575 F.2d 394, 397 (2d Cir. 1978).

(Article VI, Section 2); Owens Decl. ¶ 6.  There are no representatives of management on the General Presidents' Committee.  Owens Decl. ¶ 6.

Interpretation of the GPPMA is the "responsibility and sole prerogative" of the Joint Labor Management Interpretation Committee.  *Id.*  Accordingly, decisions of the Joint Labor Management Interpretation Committee are intended to be final and binding interpretations of the GPPMA.  Ellenberger Decl. ¶ 2; Kaczorowski Decl. ¶ 2; Owens Decl. ¶ 2.

On February 22, 1993, the Joint Labor Management Interpretation Committee rendered a decision in a dispute between the Sheet Metal Workers Local Union No. 33 and UE&C-Catalytic regarding the contractor's obligation to contribute to an industry promotional fund or to any other fringe benefit funds in lieu of contributing to the industry promotional fund.  Ellenberger Decl. ¶ 5; Owens Decl. ¶ 5.  The Joint Labor Management Interpretation Committee concluded that "any attempt to divert industry fund payments to any other fringe benefit fund would circumvent the intent of the agreement."  Ellenberger Decl., Ex. A; Owens Decl., Ex. A.

On March 18, 1996, the General Presidents' Committee issued a decision in a dispute between UA Local No. 342 and Dillingham Construction.  Owens Decl. ¶ 6.  One of the issues in this dispute was whether the contractor was obligated to contribute to another fringe benefit fund, such as an apprenticeship training fund, in lieu of contributing to an industry promotional fund.  *Id.*  The General Presidents' Committee determined that the contractor was "not required to remit additional contributions to the Apprenticeship Training Trust Fund or any other fund in lieu of Industry Fund contributions."  Owens Decl., Ex. B at p.1.  This letter was sent to the UA, the same International union with which Plumbers Local 98 and Pipefitters Local 636 are affiliated.  *See id.*

**III.**    **The Pipefitters Local 636 and Plumbers Local 98 Collective Bargaining Agreements**

The Metropolitan Detroit Plumbing & Mechanical Contractors Association, a multi-employer association that serves as the bargaining representative for various plumbing and mechanical contractors, and Plumbers Local 98 entered into a Memorandum of Understanding, effective December 1, 2002, that amended the provision of the local collective bargaining agreement regarding an employer's election not to contribute to the Plumbing and Mechanical Contractors of Detroit Industry Fund.  *See* Plumbers Local 98 Memorandum of Understanding, attached as Exhibit 6.  The amendment states:

> [A]ny signatory employer not contributing to the Industry Fund
> shall contribute a like amount to the Metropolitan Detroit
> Plumbing Industry Training Trust Fund which shall be in addition
> to the regular training trust fund contribution required by sub-
> paragraph (2) of this Article.

*Id.*

The Association and Pipefitters Local 636 entered into a similar Memorandum of Understanding, effective March 1, 2006 and expiring May 31, 2006, which amended the local collective bargaining agreement to state:

> All signatory employers, or employers otherwise bound by this
> Agreement, shall pay to the Mechanical Contractors Association
> Industry Promotion Fund, for each hour worked, the applicable
> contributions specified in the wage and fringe benefit schedule.  In
> the event an employer fails to pay the Mechanical Contractors
> Association Industry Promotion Fund, a like-kind contribution
> shall be paid to the Pipefitters Local 636 Insurance Fund which
> shall be in addition to the regular Insurance Fund contribution
> required by Article VI, ¶ 52.

*See* Local 636 Memorandum of Understanding, attached as Exhibit 7.

WGI is not signatory to these local collective bargaining agreements.  Anderson Decl. ¶ 7.  As stated previously, under the GPPMA, WGI is not required to become signatory to these

local collective bargaining agreements.  Kaczorowski Decl., Ex. A at p. 3 (Article I, Section 1).

It is undisputed that the only companies that make contributions to these local industry

promotion funds are contractors who are signatory, or are otherwise "bound," to the local

collective bargaining agreements.  *See* Plaintiff's Answers to Interrogs. No. 6-7, attached hereto

as Exhibit 5.  No contractor signatory to the GPPMA has made the "like kind" contributions

sought by Plaintiffs.  *See* Plaintiff's Answer to Interrog. No. 8.

WGI has paid its "regular" contributions to the Local 98 Apprenticeship Fund and the

Local 636 Insurance Fund pursuant to the GPPMA.  Anderson Decl. ¶ 5.  Neither Plumbers

Local 98 nor Pipefitters Local 636 have filed a claim or grievance under the GPPMA, through

their International UA representative, seeking to require WGI to make "like kind" contributions

in lieu of contributions to an industry promotional fund.  Kaczorowski Decl. ¶ 6; Plaintiff's

Answer to Interrog. No. 10, attached hereto as Exhibit 5.

## ARGUMENT

### I.    Standard Of Review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate

when the "pleadings, depositions, answers to interrogatories, and admissions on file, together

with the declarations, if any, show that there is no genuine issue as to any material fact."  Fed R.

Civ. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Once a motion for summary judgment has been filed, the burden shifts to the nonmoving

party to show through specific evidence that a triable issue of fact remains on issues on which

the nonmovant bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325

(1986).  The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in declarations.  Rather, the nonmovant must go beyond the pleadings and support its contentions with proper documentary evidence.  *Id.  See also Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (burden is on adverse party to show by specific facts and substantial evidence that there is a genuine issue of material fact requiring a trial); *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) (non-moving party cannot simply reply on its allegations, but must provide concrete evidence supporting its claims).

Summary judgment is appropriate in this case because there is no genuine dispute as to the material facts in this case, leaving its resolution to the Court, as a matter of law.

## II.    The Terms Of The Agreements At Issue Do Not Obligate WGI To Make "Like Kind" Contributions In Lieu Of Industry Promotional Fund Contributions

Plaintiffs' claims fail as a matter of law because the terms of the GPPMA – the agreement to which WGI is signatory – do not support their claims.  In addition, although WGI is not signatory to or otherwise bound by the local collective bargaining agreements, the terms of those local agreements also do not support Plaintiffs' claims against WGI.

Plaintiffs make their claims under Section 515 of ERISA, 29 U.S.C. § 1145, which governs employer contributions to multi-employer fringe benefit plans, such as the plans at issue in this case.  *See* Complaint ¶ 6.  Section 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

In determining whether contributions are owed under Section 515, the Court should look to the terms of the agreement to which the employer is signatory.  *See Brown-Graves Co. v. Central States, Southeast and Southwest Areas Pension Fund*, 206 F.3d 680, 683 (6th Cir. 2000) ("Thus, employers are required to make contributions according to the terms of their contracts."); *Bakery and Confectionary Union and Industry Int'l Health Benefits and Pension Funds v. New Bakery Company of Ohio*, 133 F.3d 955, 959 (6th Cir. 1998) ("Section 515 thus directs us to examine the plan documents and the collective bargaining agreement to determine the scope" of the employer's obligation to contribute to the fund).

A.    WGI Is Not Required To Make "Like Kind" Contributions Under The GPPMA

The "like kind" contributions claimed by Plaintiffs are not required under the collective bargaining agreement to which WGI is signatory, the GPPMA.  Article XII, Section 2 of the GPPMA expressly provides that "[c]onstruction industry promotional funds are not applicable under the terms of this Agreement."  Kaczorowski Decl., Ex. A at p. 9.  Therefore, it is clear that, under the terms of the GPPMA, WGI is not obligated to make contributions to the Plumbing and Mechanical Contractors of Detroit Industry Promotion Fund.

The "like kind" contributions sought by Plaintiffs here are nothing more than a substitute for contributions to this industry promotion fund.  By seeking to require WGI to make "like kind" contributions to the Plumbers Local No. 98 Apprenticeship Fund and the Pipefitters Local No. 636 Insurance Fund, in lieu of contributions to the industry promotion fund, Plaintiffs are attempting to circumvent the express, unambiguous terms of the GPPMA.

The February 22, 1993 decision of the Joint Labor/Management Interpretation Committee – the body that is vested with the "responsibility and sole prerogative" to interpret the GPPMA – supports WGI's position that it is not obligated to make these "like kind"

contributions.  In its February 22, 1993 decision, the Joint Labor Management Interpretation Committee determined that:  "Construction Industry Promotional funds are excluded – by Article XII, Section 2" of the GPPMA, and therefore "any attempt to divert industry fund payments to any other fringe benefit fund would circumvent the intent of the agreement."  Ellenberger Decl., Ex. A; Owens Decl., Ex. A.

The General Presidents' Committee, in exercising its "responsibility and sole prerogative" to administer the GPPMA, has adhered to this interpretation in subsequent cases. On March 13, 1996, the General Presidents' Committee rendered a decision in a dispute between UA Local No. 342 and Dillingham Construction N.A., Inc. that was similar to the case at bar. Ellenberger Decl., Ex. B; Owens Decl., Ex. B.  The General Presidents' Committee concluded that the company was not required to contribute to the local union's Contract Administration Fund under the GPPMA because it was an industry promotion fund.  *Id.*  Furthermore, the General Presidents' Committee determined that "[s]ince Industry Promotion Funds are not payable under the terms of the General Presidents' Agreement, the contractor is not required to remit additional contributions to the Apprenticeship Training Trust Fund or any other fund in lieu of Industry Fund contributions."  *Id.*

Thus, the intent of the GPPMA is clear, both from its express terms and its application in similar cases by the Committees that are vested with the "responsibility and sole prerogative" to interpret and administer the GPPMA.  Industry promotion fund contributions, or extra contributions to other funds instead of industry promotion fund contributions, are not required under the GPPMA.

B.     <u>WGI Is Not Required To Make "Like Kind" Contributions Under The Local
Collective Bargaining Agreements</u>

Plaintiffs' claims also fail under the express terms of the local collective bargaining

agreements.  According to the terms the relevant memoranda of understanding, the obligation to

make "like kind" contributions runs only to "signatory employers" or "employers otherwise

bound by this Agreement."  Plumbers Local 98 Memorandum of Understanding, attached as

Exhibit 6; Local 636 Memorandum of Understanding, attached as Exhibit 7.  It is undisputed that

the only companies that make contributions to the local industry promotion fund are contractors

who are actually signatory to the local collective bargaining agreements.  *See* Plaintiff's Answers

to Interrogs. No. 6-7, attached hereto as Exhibit 5.

WGI is not signatory to or otherwise bound by the Plumbers Local 98 or Pipefitters Local

636 collective bargaining agreements.  Anderson Decl. ¶ 7.  WGI is signatory only to the

GPPMA.  The fact that the GPPMA adopts certain fringe benefit contributions under local and/or

national collective bargaining agreements does not mean that contractors become signatory to or

"otherwise bound by" those local and/or national agreements.  Indeed, Article I, Section 1 of the

GPPMA expressly provides that "Contractors signed to the General Presidents' Project

Maintenance Agreement, which is a national agreement, *are not required to become signatory to

a local collective bargaining agreement.*"  Kaczorowski Decl., Ex. A at p. 3 (emphasis added).

Therefore, the terms of the Plumbers Local 98 and Pipefitters Local 636 memoranda of

understanding are not met.  WGI is not signatory to or "otherwise bound" by those local

collective bargaining agreements, and therefore is not required to make industry promotion fund

or "like kind" contributions under those agreements.

13

C.    The Authority Relied Upon By Plaintiffs Is Inapposite

Plaintiffs will argue that their claims in this case are supported by the Ninth Circuit's decision in *Local 342 Apprenticeship & Training Trust v. Babcock & Wilcox Construction Co., Inc.*, 396 F.3d 1056 (9th Cir. 2005). That case is inapposite. It involved a different national agreement, the National Industrial Maintenance Agreement ("NIMA"), and different local agreements. The Ninth Circuit found that the text of the NIMA supported the fund's position in that case. *See id.* at 1058. In this case, however, the text of the GPPMA supports WGI's position because the text of the GPPMA does not incorporate the terms of the local agreements, nor does it require contractors to be bound by those local agreements. Instead, the GPPMA adopts only those fringe benefits that "accrue to the direct benefit of the individual craft employees" and specifically excludes industry promotional funds. Kaczorowski Decl., Ex. A at p. 9 (Article XII, Section 2). "Like kind" contributions that are nothing more than a substitute for industry promotion fund contributions, therefore, cannot be required under the plain meaning of the GPPMA. They result in additional contributions to funds to which the GPPMA contractors have already contributed, and they impose a burden on the GPPMA contractors that is not contemplated by the GPPMA.

In addition, the Ninth Circuit was not presented with an authoritative interpretation of the NIMA. The Ninth Circuit noted that the NIMA Policy Committee had said that paying into apprentice trust funds in lieu of contributions to an industry promotion fund would be "contrary to the spirit and intent" of the NIMA, but the Ninth Circuit found that this was not "strictly speaking, a statement that the NIMA does not require such contributions." *Babcock & Wilcox*, 396 F.3d at 1058. In this case, by contrast, there are authoritative interpretations of the GPPMA, issued by the Committees vested with the "responsibility and sole prerogative" to interpret and

14

administer the GPPMA, which clearly state that contributions to other fringe benefit funds in lieu of contributions to an industry promotion fund are not required under the GPPMA.  Ellenberger Decl., Exs. A & B; Owens Decl., Exs. A & B.

Lastly, the Ninth Circuit found that the contractor in *Babcock & Wilcox* was obligated to make the claimed contributions according to the terms of local collective bargaining agreements at issue.  *Babcock & Wilcox*, 396 F.3d at 1058.  In this case, however, the terms of the Plumbers Local 98 and Pipefitters Local 636 collective bargaining agreements do not require WGI to make "like kind" contributions because WGI is not signatory to or "otherwise bound" by those local agreements.  Anderson Decl. ¶ 7.

But even if this Court were to find that the Ninth Circuit's decision in *Babcock & Wilcox* is in some way apposite, it is not binding authority in this Circuit and should not be applied in this case.  The intent of the GPPMA – the only agreement to which WGI is signatory – is clear: industry promotion fund contributions, or additional contributions to other funds in lieu of such contributions, are not required.  Likewise, the intent of the local memoranda of understanding is clear:  to circumvent agreements like the GPPMA by creating an artificial extra contribution to other funds in lieu of industry promotion fund contributions.  Tellingly, the local unions that negotiated this artificial "like kind" contribution did not seek to pursue claims directly under the GPPMA, through their International representative – presumably because they knew what the outcome of such a claim would be.  Kaczorowski Decl. ¶ 6; Plaintiff's Answer to Interrog. No. 10, attached hereto as Exhibit 5.  Indeed, the March 18, 1996 decision of the General Presidents' Committee was issued to the UA, the same International union with which Plumbers Local 98 and Pipefitters Local 636 are affiliated.  Moreover, the General President of the UA is a member

15

of the General Presidents' Committee, and therefore can be expected to know whether such a claim would succeed under the GPPMA.  Kaczorowski Decl., Ex. A at p. 20.

This Court should not permit the Funds to do what their sponsoring local unions could not achieve directly under the GPPMA.  To the extent the Ninth Circuit's decision in *Babcock & Wilcox* permits such an end run around the clear intent of an agreement, and its dispute resolution procedures, the Ninth Circuit's decision should be rejected as bad law that is in no way binding on this Court.

## CONCLUSION

For the foregoing reasons, Defendant Washington Group International, Inc. respectfully requests that this Court grant its motion for summary judgment and dismiss Plaintiffs' complaint in its entirety, with prejudice.

Dated:  May 31, 2007

Respectfully submitted,

s/Charles C. Jackson
Charles C. Jackson (Counsel of Record)
MORGAN, LEWIS & BOCKIUS, LLP
77 West Wacker Drive
Chicago, Illinois 60601
(312) 324-1000
(312) 324-1001 (facsimile)

E. Carl Uehlein, Jr.
Jonathan C. Fritts
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000
(202) 739-3001 (facsimile)

*Attorneys for Defendant Washington Group International, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____ )
JOINT ADMINISTRATIVE COMMITTEE )
OF THE PLUMBING AND PIPEFITTING )
INDUSTRY IN THE DETROIT AREA, )
PLUMBERS LOCAL NO. 98 )
APPRENTICESHIP FUND AND )
PIPEFITTERS LOCAL NO. 636 )
INSURANCE FUND, )
                            )     ELECTRONICALLY FILED
          Plaintiffs, )
                            )     Case No. 2:06-cv-14288
    v.                      )
                            )     Judge Julian Abele Cook, Jr.
WASHINGTON GROUP )
INTERNATIONAL, INC. )
                            )
          Defendant. )
_____ )

## ORDER

Upon consideration of Defendant's motion for summary judgment, its brief and the

declarations in support thereof, any opposition and reply briefs, and the entire record herein, it is

hereby ORDERED this _____ day of ____, 2007, that:

     1.      Defendant's motion for summary judgment is hereby GRANTED;

     2.      Judgment is hereby ENTERED as a matter of law for Defendant on the entirety of

Plaintiffs' complaint; and

     3.      That the Clerk of the Court shall mail copies of this Order to all parties.


                                      _____
                                      Judge Julian Abele Cook, Jr.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing Defendant's Motion for

Summary Judgment, supporting Brief and Declarations, with exhibits, and proposed Order with

the Clerk of Court by using the CM/ECF system, which will in turn send a notice of electronic

filing to Michael J. Asher, Esquire and Mark W. Jane, Esquire on this 31st day of May, 2007.


s/Charles C. Jackson
Charles C. Jackson